## PERRY v. ERIE TRANSFER CO.

### (City Court of New York, General Term. October 15, 1891.)

JURISDICTION—NON-RESIDENCE—WAIVER OF OBJECTION.

In an action against a non-resident corporation defendant objected at the trial that plaintiff was a non-resident, and that the cause of action did not arise in New York, and that consequently the court was without jurisdiction of the case. *Held*, that defendant, having failed to allege the facts showing want of jurisdiction in his answer, thereby waived any objection to the jurisdiction of the court at the trial.

Appeal from trial term.

Action by Oliver H. Perry, plaintiff, against the Erie Transfer Company, defendant, to recover for the hire of certain teams to defendant, which was a New Jersey corporation. Plaintiff was also a non-resident. It appeared from the evidence that the contract was made in New Jersey, but was to be performed in part in New York. From a judgment for plaintiff entered on the verdict of a jury, defendant appeals. Code Civil Proc. N. Y. § 1780, provides that "an action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident in one of the following cases only: * * * (3) Where the cause of action arose within the state."

Argued before EHRLICH, C. J., and NEWBURGHER, J.

*Andrew Wesley Kent*, for appellant. *Strong & Cadwalader*, (*Geo. W. Wickersham*, of counsel,) for respondent.

EHRLICH, C. J. It does not appear by the complaint, nor is it objected to in the answer, that the plaintiff was at the time the action was commenced a

resident of New Jersey. Such being the case, the want of jurisdiction was not an issue to be tried. It was waived. Although the defendant is a foreign-corporation, the action is transitory, and but for the non-residence of the plaintiff, the court would have had jurisdiction of both subject-matter and parties. The objection, or grounds upon which it is based, ought to have appeared in some form by the pleadings. The cause of action was clearly proved, and verdict properly directed. It follows that the judgment appealed from must be affirmed, with costs.